# EXHIBIT A

# Working Copy

# NORTHWEST AIRLINES
# PENSION PLAN FOR CONTRACT EMPLOYEES

First Effective January 1, 1976
as an Amendment and Restatement of the
Northwest Airlines, Inc. Retirement Plan
for Union-Represented Employees

AND

As Amended By

| | |
|---|---|
| The FIRST AMENDMENT Effective January 1, 1978 | The TWELFTH AMENDMENT Effective January 1, 1995 and March 1, 1996 |
| The SECOND AMENDMENT Effective January 1, 1979 | |
| The THIRD AMENDMENT Effective January 1, 1982 | The THIRTEENTH AMENDMENT Adopted February 21, 2002 But Effective January 1, 1997, August 5, 1997, January 1, 1999, January 1, 2000, January 1, 2001 and January 1, 2002 |
| The FOURTH AMENDMENT Effective August 23, 1984 | |
| The FIFTH AMENDMENT Effective January 1, 1987 | The FOURTEENTH AMENDMENT Adopted September 26, 2002 But Effective January 1, 2002 and December 31, 2002 |
| The SIXTH AMENDMENT Effective May 1, 1988 (Mechanics and Related Personnel) Effective July 1, 1988 (Meteorologists) Effective November 1, 1988 (Technicians) Effective January 1, 1989 (COFPS and Foremen) Effective June 1, 1989 (Radio Operators) Effective February 14, 1990 (Flight Attendants) Effective May 1, 1990 (Dispatchers) | The FIFTEENTH AMENDMENT Effective September 13, 2005 AMFA - Adopted September 15, 2005 TWU - Adopted November 16, 2005 NAMA - Adopted November 20, 2005 ATSA - Adopted January 30, 2006 IAM/SIMOPS - Adopted April 20, 2006 IAM/ESSC/COFPS/PP - Adopted July 27, 2006 AFA- Adopted September 7, 2006 Accrual Cessation Date for all is September 30, 2006 |
| The SEVENTH AMENDMENT Effective January 1, 1987 | The SIXTEENTH AMENDMENT Adopted and Effective September 14, 2005 |
| The EIGHTH AMENDMENT Effective January 1, 1991 | The SEVENTEENTH AMENDMENT Adopted September 7, 2006 and September 21, 2006 But Effective January 1, 2006 and October 1, 2006 |
| The NINTH AMENDMENT Effective May 1, 1992 | |
| The TENTH AMENDMENT Effective January 1, 1976, January 1, 1993, January 1, 1994 and January 1, 1997 | The EIGHTEENTH AMENDMENT Adopted September 15, 2009 But Effective January 1, 2008 |
| The ELEVENTH AMENDMENT Effective January 1, 1989 | |

**Note:** Material added or modified by the Fifteenth, Sixteenth, Seventeenth and Eighteenth Amendments is shown in italics. Effective January 1, 2006, the Seventeenth Amendment replaced all references of the term "Plan Year" with the term "calendar year" in Appendixes B and C, as shown in italics. Appendix A was replaced by the Eighteenth Amendment effective January 1, 2008 but is not shown in italics. Modified section numbers are not generally shown in italics. Material deleted without replacement is indicated by a ◆.

---

This Working Copy has been compiled from the original Plan documents and amendments for the convenience of those charged with administration of the Plan. This Working Copy has not been approved, ratified or executed by the company, its board, its officers or any committee. This Working Copy is not, therefore, an official legal document under which the Plan is maintained. The Working Copy reflects only the most current provisions of the Plan document and does not reflect every change made by every amendment. Specifically, the Working Copy does not reflect changes made by prior amendments which were changed subsequently by more recent amendments. Certain questions, particularly questions relating to the effectiveness of amendments, can only be resolved by referring to the original Plan documents and amendments.

# NORTHWEST AIRLINES
# PENSION PLAN FOR CONTRACT EMPLOYEES
# (1976 Restatement)

## SECTION 1

## INTRODUCTION

1.1. **History.** Effective as of January 1, 1970, Northwest Airlines, Inc., a Minnesota corporation, established a tax-qualified defined benefit pension plan for the benefit of eligible union-represented employees. That plan was set forth in a plan document entitled "Northwest Airlines, Inc. Retirement Plan for Union-Represented Employees" and was subsequently amended on several occasions and renamed as the "Northwest Airlines Pension Plan for Contract Employees." Effective as of January 1, 1976, that series of plan documents was amended and restated by the adoption of this Plan Statement. As so amended, restated and continued this Plan Statement reads in full as follows:

1.2. **Definitions.** As used herein, the following terms shall have the following meanings:

> **Fifteenth Amendment-Effective September 13, 2005**
>
> *1.2.1.     Accrual Cessation Date — the date specified in a Retirement Plan Agreement by and between the Employer and the union representing a classification of Participants (or in writing by the Employer for a classification of Participants) as the date the accrual of benefits under this Plan shall cease for that classification.*

1.2.2.     **Accrued Benefit** — the monthly amount of retirement benefit determined for a Participant as of a specified date (and payable to a Participant in the Single Life Benefit form with an Annuity Starting Date on the last day of the calendar month following the calendar month in which the Participant's Normal Retirement Date occurs) equal to the amount determined in (a) minus the amount, if any, determined in (b):

(a)     **Basic Benefit.** An aggregate amount equal to such amount or amounts per years of Benefit Service as shall be specified in the Retirement Plan Agreement entered into between the Employer and the union by which the Participant is represented.

(b)     **Other Plans Offset.** The value of retirement benefits payable from any other plan maintained by the Employer or the union by which the Participant is represented and providing benefits on account of the same period of service (other than benefits under the Northwest Airlines Pension Plan for Salaried Employees which are attributable to the Participant's contributions).

not actually Recognized Employment but is deemed to be Recognized Employment by operation of the preceding sentence, it shall be classified for the purposes of this Plan by reference to the Recognized Employment performed by such Participant when he or she first returned to Recognized Employment after January 1, 1970. (If such a Participant returns to active employment with the Employer after January 1, 1970, but in a classification that is not Recognized Employment, all service before January 1, 1970, shall be considered not Recognized Employment.)

(g) **Layoff and Strike Time.** For each Participant who is credited with at least one (1) Hour of Service on account of an hour for which the employee is paid, or entitled to payment, for the performance of duties for the Employer at some time on or after May 1, 1992, periods of time before August 1, 1993, which are not credited as Benefit Service solely because such Participant was absent from active employment due to a layoff or a strike shall be credited as Benefit Service. Each such Participant shall be credited with such Benefit Service by assuming that the Participant had performed one hundred ninety (190) Hours of Service in Recognized Employment per month, to the extent that this crediting does not duplicate other Benefit Service and subject to the foregoing limitations on the crediting of Benefit Service.

> **Fifteenth Amendment-Effective as of the Accrual Cessation Date**
>
> (h) *Accrual Cessation. Notwithstanding the foregoing, no service performed after the Accrual Cessation Date, shall be considered in determining Benefit Service for any purpose under this Plan. A Participant's Benefit Service determined as of the Accrual Cessation Date shall not thereafter change.*

1.2.8. **Code** — the Internal Revenue Code of 1986, including applicable regulations for the specified section of the Code. Any reference in this Plan Statement to a section of the Code, including the applicable regulation, shall be considered also to mean and refer to any subsequent amendment or replacement of that section or regulation.

1.2.9. **Disability** — total and permanent disability which renders the Participant incapable of any employment with the Employer.

(a) **Disqualification.** A Participant shall not be considered to have a Disability for the purposes of this Plan if the condition that would otherwise constitute a Disability was contracted, suffered or resulted from:

NWPPCE 0011

(i) an intentionally self-inflicted injury or condition, or

(ii) engaging in a criminal act, or

(iii) the habitual use of alcoholic beverages or addiction to narcotics, or

(iv) service in the Armed Forces of the United States or of any other country or otherwise from war, rebellion or civil strife and not at the same time engaged in the performance of duties with the Employer.

(b) **Procedures**. The Employer will determine whether or not a Participant is totally and permanently disabled within the meaning of this Section. The Employer, in determining whether a Participant is totally and permanently disabled, will give consideration to the report or reports of all doctors who have examined such Participant with respect to the condition (including a doctor of medicine selected by the Employer), and such report or reports shall be made available to the Employer for this purpose. However, if a dispute arises as to whether a Participant is totally and permanently disabled within the meaning of this Section, a review of the matter shall be made by a doctor of medicine mutually acceptable to both the Employer and the Participant ◆. The determination of such doctor of medicine as to whether or not the Participant is totally and permanently disabled within the meaning of this Section shall be final and binding on all parties.

| **Fifteenth Amendment-Effective as of the Accrual Cessation Date** |
|---|
| (c) *No New Disabilities Recognized. No condition shall be considered a Disability unless a substantially completed application for a Disability Retirement Pension premised on that condition was filed prior to the Accrual Cessation Date.[2]* |

1.2.10. **Disability Retirement Date** — the date the Participant exhausts Employer-paid vacation and sick leave benefits and other incapacity benefits on account of a Disability, or, if the disabled Participant dies on account of the Disability before exhausting such benefits, the last day of the month preceding the Participant's death.

---

2 **Editor's Note**: The 15th Amendment signed by AMFA, AFA, ATSA, TWU and IAM/SIMOPS contained a cross reference error which we corrected in this Working Copy.

NWPPCE 0012

the death of the Participant to and for the lifetime of the Participant's spouse (but only if the Participant and such spouse were married on the Participant's Annuity Starting Date and the Participant and such spouse were married for twelve continuous months at some time) in an amount equal to fifty percent (50%) of the amount payable during the joint lives of the Participant and spouse. The identity of the spouse to whom payments may be made shall become fixed as of the Participant's Annuity Starting Date. The Annuity Starting Date shall be the date specified in Section 3. The last payment to a Participant shall be due on the last day of the calendar month preceding the calendar month in which the Participant dies and the last payment to a spouse who survives the Participant shall be due on the last day of the calendar month preceding the calendar month in which such spouse dies. The value of the amounts payable to the Participant and spouse in the Qualified Joint and Survivor Benefit form shall be the Actuarial Equivalent of the amounts payable to the Participant in the Single Life Benefit form and shall be determined from the Appendix C to this Plan Statement.

1.2.25. **Recognized Employment** — all services performed for the Employer by an individual who is in a unit of employees whose terms and conditions of employment are subject to a collective bargaining agreement between the Employer and a union representing that unit of employees which collective bargaining agreement provides for the inclusion of that individual in this Plan and all services performed for the Employer before and after January 1, 1970, by an individual who is a nonexempt employee leased to the Northwest Airlines Federal Credit Union as if such employees were office clerical employees represented by the International Association of Machinists and Aerospace Workers.

    (a)    **Exclusions**. Services classified by the Employer as being performed in the following categories of employment shall be excluded from Recognized Employment:

        (i)    employment of a nonresident alien who is not receiving any earned income from the Employer which constitutes income from sources within the United States;

        (ii)    employment of a United States citizen or a United States resident alien outside the United States unless and until the Employer shall declare such employment to be Recognized Employment.

    (b)    **Non-Employees**. Services performed for the Employer by an individual who is not classified by the Employer as an employee on both payroll and personnel records shall not be considered Recognized Employment. Without limiting the generality of the foregoing, such services shall include services performed by an individual classified by the Employer as a Leased Employee, leased owner, leased manager, shared employee, shared leased employee, temporary worker, independent contractor, contract worker, agency worker, freelance worker or other similar classification.

NWPPCE 0019